FILED

**NOT FOR PUBLICATION**

JAN 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENDY SUADY, | No. 07-71326 |
| Petitioner, | Agency No. A078-020-451 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Rendy Suady, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PR/Research

and relief under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 n.4 (9th Cir. 2003), and we deny the petition for review.

The IJ denied Suady's asylum application claim as time-barred.  Suady does not challenge this finding in his opening brief.

Substantial evidence supports the agency's denial of withholding of removal because Suady conceded he did not suffer past persecution, and even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004), applies to Christian Indonesians, Suady failed to establish a clear probability of persecution because he did not demonstrate the requisite individualized risk.  *See Hoxha*, 319 F.3d at 1184-85.  Finally, the record does not compel the conclusion that Suady established a pattern or practice of persecution of Batak Christians in Indonesia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1060-62 (9th Cir. 2009).

Substantial evidence also supports the agency's denial of CAT relief because Suady failed to establish it is more likely than not he would be tortured if returned to Indonesia.  *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**

2